UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY W. BROWN, | No. 2:25-cv-2290-CKD P |
| Petitioner, | |
| v. | ORDER AND |
| COURT OF THE STATE OF CALIFORNIA, COUNTY OF VACAVILLE, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

    Jimmy Brown, a state prisoner seeking to proceed pro se, filed a pleading styled as a Petition for Writ of Mandate/Prohibition on a form for a petition brought under California Code of Civil Procedure §§1085, 1086, et seq. (ECF No. 1.) Respondent is the Vacaville County Superior Court. Petitioner seeks reimbursement for items that were missing following a cell search and requests that this court direct the state court to issue a new and different order pertaining to the matter. (See ECF No. 1 at 3-6, 25.)

    Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. See Fed. R. Civ. P. 11(a). Brown did not sign the pleading.

    In addition, Brown seeks to proceed in forma pauperis ("IFP") but fails to demonstrate indigency. (See ECF No. 3.) The court may authorize the commencement of an action "without

1

prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Brown received income from veterans benefits in the prior twelve months and had $7,640.38 on account at California State Prison in Solano at the relevant time. (Id. at 3.) The motion to proceed in forma pauperis should be denied. In the alternative, the IFP application may be denied because this action is without merit. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

To the extent Brown seeks to proceed under the California Code of Procedure, he fails to establish the court's subject matter jurisdiction. See Theis v. Yuba Cnty. Sheriff's Dep't, No. 2:18-cv-03278-KJM-KJN, 2019 WL 3006261, at *7 (E.D. Cal. July 10, 2019) ("A number of courts have held section 1085 does not apply to federal courts."); Gutsch v. Reed, No. 19-CV-06415-RS, 2020 WL 13593007, at *1 (N.D. Cal. June 5, 2020) (citing cases suggesting that federal courts lack jurisdiction to adjudicate petitions for writs of mandate under state law, or at least that they ordinarily should decline to exercise supplemental jurisdiction in such matters).

Moreover, the Eleventh Amendment bars a suit by Brown against the state court. See Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts, as "arms of the state," are immune from suit under the Eleventh Amendment). Separately, the Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). Petitioner's prayer for relief in the form of an order directing the state court to issue a new and different order is contingent upon a finding that the state court decision was in error which is the sort of review of state court decisions that the Rooker-Feldman doctrine bars. See Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012).

Under the circumstances, granting Brown leave to file a signed, amended pleading would be futile. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). This case should be dismissed without leave to amend. See 28 U.S.C. § 1915A (b)(1) and (2) (district courts must dismiss a complaint or portion thereof if a prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief).

In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS RECOMMENDED as follows:

1. Brown's motion to proceed in forma pauperis (ECF No. 3) be denied.
2. The "Petition for Writ of Mandate/Prohibition…" against the Superior Court of Vacaville be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, brow2290.fr